Curia, per Bunkin, Chancellor.
It is argued that where, as in this case, the writ of ne exeat issues upon a money demand, it is in the nature of a bail writ; and that the bail was discharged, in the case before us, in consequence of the petitioner’s having taken the benefit of the prison bounds Act and assigned his whole estate in two other suits in which he was lately held to bail. But the Court is of opinion that there is a distinction in this respect between the insolvent debtor’s act and the prison bounds act and that upon a proper construction of the latter, a discharge under it is effectual only as to the particu *409 lar case in which the debtor is arrested and makes his assignment. The Court is not prepared to say by what form of proceeding the petitioner in this case (should he be surrendered by his bail) may be relieved; with the strongest inclination to exercise such power as it may possess over the subject, in obedience to the claims of humanity, it cannot fail to percieve that it would be manifestly improper to interpose, while, as yet, no necessity for its interference exists. The petitioner has not yet been surrendered and possibly may not be surrendered by his bail. The application is to substitute certain property, of doubtful title, in lieu of that security which the creditor has under the writ. If the creditor is, by law, entitled to the writ, the Court cannot, without his consent, bargain that right away. Should the bail surrender his principal, the latter may then take such steps as he may be advised will be proper in his cáse. Whether the prison bounds act, under its peculiar terms of “mesne process in civil action,” may be sufficient for his purpose; or whether an analogous proceeding in this Court should be adopted, will be questions then arising on an actual case; and although very difficult, will be more easy of decision, than when presented as abstract propositions. The motion is discharged.
Peronneau, Mazyck & Finley, pro appellant.
Petigru, & Lessesne, contra: